THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADONIS RIVERA-CARRERO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 17-1228 (ADC)<br>[Related to Crim. No. 15-124-14 (ADC)] |

**OPINION AND ORDER**

Petitioner Adonis Rivera-Carrero's brings a petition pursuant to 28 U.S.C. § 2255 to vacate or set aside his conviction. **ECF No. 1.** The United States filed a response in opposition. **ECF No. 11.** Petitioner raises two claims: that his conviction violates the Double Jeopardy Clause of the United States Constitution, and that his counsel provided ineffective assistance when advising him whether to appeal his conviction and sentence. For the following reasons, the petition is **DENIED. ECF No. 1.**

**I.    Background**

On May 1, 2013, in case number **CLA 2012G0135**, petitioner was convicted before the Puerto Rico Court of First Instance of carrying a firearm without a license in violation of P.R. Laws Ann. Tit. 25, § 458e. 15-CR-124ADC, ECF No. 534. In case number 15-CR-124ADC, petitioner plead guilty to conspiracy to possess with intent to distribute at least 500 grams, but less than 2 kilograms, of cocaine within a protected location in violation of 21 U.S.C. §§ 860, 841(a)(1) & 846. **15- CR-124ADC, ECF 681.** His plea agreement called for a sentence within the guideline range for a total adjusted offense level of 25, but did not specify a criminal history

category. **15-CR-124ADC, ECF No. 369.** The Court found a criminal history category of II, resulting in a guideline range of 63 to 78 months. **15-CR-124ADC, ECF No. 875.** On February 18, 2016, petitioner was sentenced to 63 months of imprisonment. **15-CR-124ADC, ECF No. 681.** On September 30, 2016, the judgment was amended to order that petitioner's sentence be served concurrently with his sentence in **CLA 2012G0135. 15- CR-124ADC, ECF No. 764.**

## II. Legal Standard

### A. Double Jeopardy Claim

The Double Jeopardy Clause in the Fifth Amendment of the United States Constitution guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

### B. Ineffective Assistance of Counsel Claim

To succeed on a claim that counsel was constitutionally ineffective, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "The first requirement necessitates a demonstration that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (citation

and internal quotation marks omitted). Nonetheless, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citations and internal quotation marks omitted).

When an ineffective assistance claim is based on a failure to appeal, the Supreme Court has set forth different standards for deficient performance depending on defendant's conduct. If the defendant "explicitly tells his attorney not to file an appeal," he "plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). However, if the defendant tells his lawyer to appeal and his lawyer fails to do so, the lawyer has "acted in a manner that is professionally unreasonable." *Id*.

"In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken," the Court must ascertain whether counsel consulted with defendant by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. at 478. If counsel consulted with defendant, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id*. However, if counsel has not consulted with defendant, the Court must look to whether "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) [ ] this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. In either of these circumstances, counsel has a constitutional duty to consult with the defendant.

> [A] highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. *Id*.

As to the second prong of the Strickland test, prejudice, a "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484.

## III. Analysis

### A. Double Jeopardy Claim

After examining the two statutes under which petitioner was convicted, the Court finds that they constitute two separate offenses for double jeopardy purposes. P.R. Laws Ann. Tit. 25, § 458e required proof that plaintiff was carrying a firearm and that he was not licensed to do so. 21 U.S.C. §§ 841(a)(1), 846, 860 required proof that petitioner (1) conspired to (2) knowingly and intentionally, (3) possess a controlled substance, (4) with the intent to distribute the controlled substance, (5) in a protected location. As each of these statutes "requires proof of a fact that the other does not," the Double Jeopardy Clause has not been violated. Blockburger v. United States, 284 U.S. at 304.

### B. Ineffective Assistance of Counsel Claim

Petitioner does not allege that he expressly instructed counsel to file an appeal or not to file an appeal at any time. Accordingly, whether counsel's performance was deficient depends

on whether counsel consulted with plaintiff and whether he had a constitutional duty to do so. *Flores-Ortega*, 528 U.S. at 478-80.

Petitioner contends that counsel did not consult with him because he failed to "advis[e] the defendant about the advantages and disadvantages of taking an appeal". Id. at 477. Specifically, petitioner alleges that his counsel: (1) "persuaded him not to appeal by incorrectly explaining that there was no benefit from filing an appeal, even without the waiver"; (2) "did not explain the effect of the procedural default doctrine, and that later challenges—even those based on retroactively applicable Supreme Court rulings—would be foreclosed by his failing to appeal"; (3) "did not explain that this would be his last opportunity to have an attorney appointed to help him with his case"; (4) "did not explain that, without the appeal, he would not have his transcript or evidentiary record developed without considerable cost"; and (5) "did not inform him that, without an appeal, the disputed facts in the PSR would be made permanent and virtually unchallengeable." **ECF No. 1.**

Several of petitioner's assumptions about the disadvantages of not filing an appeal are plainly erroneous. For instance, future challenges based on retroactive Supreme Court rulings are not barred by failure to appeal. Direct appeal was not the petitioner's last opportunity to have an attorney appointed as petitioner could have sought appointment of pro bono counsel for the purpose of this § 2255 motion. In addition, counsel stated during sentencing that all objections to the PSR had been resolved, and petitioner has not indicated any further disputed facts in the PSR. **15-CR-124ADC, ECF No. 875**. Most importantly, given the fact that petitioner

plead guilty and received the lowest sentence recommended by his plea agreement, there is no evidence that counsel was incorrect in stating that petitioner would not benefit from filing an appeal. **15-CR-124ADC, ECF Nos. 369, 681.** The Court finds that counsel "advis[ed] the defendant about the advantages and disadvantages of taking an appeal", *Flores-Ortega*, 528 U.S. at 477.

Even assuming, arguendo, that counsel failed to meet the standard for consultation set by Flores-Ortega, counsel had a constitutional duty to consult only if "(1) a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.

As to the first factor, all the circumstances deemed relevant by *Flores-Ortega* point against a finding that a rational defendant would want to appeal in petitioner's case. No non-frivolous grounds for appeal are evident or have been identified by petitioner, and petitioner plead guilty, received the lowest sentence recommended under the plea agreement, and waived his right to appeal. **15-CR-124ADC, ECF 369, 681, 875.**

As to the second factor, the sole fact defendant presents to show that he "reasonably demonstrated" his interest in appealing is his statement that "[at] the time of sentencing, the [petitioner] expressed dissatisfaction with the sentence." **ECF No. 1**. Following the weight of circuit authority, the First Circuit has held that to demonstrate interest in an appeal,

a defendant must have done more than merely express his displeasure at sentencing. *See United States v. Cong Van Pham*, 722 F.3d 320, 325 (5th Cir. 2013); *Jackson v. Att'y Gen. of Nev.*, 268 F. App'x 615, 620 (9th Cir. 2008). Instead, the defendant must have 'said something to his counsel indicating that he had an interest in appealing.' *Cong Van Pham*, 722 F. 3d at 325 (emphasis in original) (quoting *United States v. Cooper*, 617 F.3d 307, 313 (4th Cir. 2010)). *Rojas-Medina v. United States*, 924 F.3d 9, 17 (1st Cir. 2019) (internal citations omitted) (emphasis in original).

The Court finds that a rational defendant would not want to appeal in petitioner's case and that petitioner did not "reasonably demonstrate" his interest in appealing.

As petitioner has failed to meet the first prong of the *Strickland* test, his ineffective assistance of counsel claim fails.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. § 2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner made no such showing here.

Therefore, a COA is **DENIED**.

## V. Conclusion

Petitioner's Motion to Set Aside, Vacate, or Correct Sentence is **DENIED** and the Court DECLINES to issue a certificate of appealability. The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**

At San Juan, Puerto Rico, on this 30th day of March, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**